IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANAY HARRIS, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : NO. |
| | : |
| BENNIE LANGFORD, CITY OF BURLINGTON, CITY OF BURLINGTON PUBLIC SCHOOL DISTRICT, CITY OF BURLINGTON BOARD OF EDUCATION and PATRICIA DOLOUGHTY, Ed.D., | : : : : : : |
| Defendants. | : |

**COMPLAINT WITH JURY DEMAND**

**Introduction**

This is a civil rights action filed by Plaintiff Shanay Harris against Defendants Bennie Langford, City of Burlington, City of Burlington Public School District, City of Burlington Board of Education, and Patricia Doloughty, Ed.D., seeking damages under 42 U.S.C. § 1983 for unreasonable use of force and unlawful search and seizure in violation of Ms. Harris's rights as guaranteed by the Fourth Amendment to the United States Constitution, as well as state law liability for negligence, assault and battery, negligent and intentional infliction of emotional distress, and willful misconduct in connection with the subject series of events.

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

1

## Venue

2. The events and omissions giving rise to the claims set forth herein occurred in the City and County of Burlington, State of New Jersey. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of New Jersey.

## Parties

3. Plaintiff Shanay Harris (hereinafter referred to as "Ms. Harris") is an adult individual (born February 3, 2002), a citizen of the United States, and resident of the State of New Jersey, domiciled in Willingboro, Burlington County, New Jersey.

4. Defendant Bennie Langford (hereinafter referred to as "Mr. Langford") is an adult individual and resident of the State of Florida who at all times relevant and material hereto was a police officer, agent, and employee of the City of Burlington and the City of Burlington Police Department, assigned to and working as a school resource officer within Burlington City High School, acting and/or failing to act within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

5. Defendant City of Burlington is a city in Burlington County, New Jersey, governed by the mayor-council system under the Faulkner Act, N.J.S.A. 40:69A-1, *et seq.*, with a governing body comprised of a mayor and a seven-member city council.

6. The City of Burlington Police Department is a department, division, or agency of Defendant City of Burlington.

7. At all times relevant and material hereto, Defendant City of Burlington was the employer and principal of all individuals working as police officers, school resource officers,

agents, and employees of the City of Burlington Police Department, including but not limited to Defendant Mr. Langford.

8. At all times relevant and material hereto, Defendant City of Burlington's acts and omissions were accomplished by said defendant's officers, agents, and/or employees in the City of Burlington Police Department, including but not limited to Defendant Mr. Langford, who were acting and/or failing to act within the course and scope of their agency and/or employment, and who were acting under color of state law.

9. Defendant City of Burlington Public School District (hereinafter referred to as "School District") is a comprehensive community public school district serving students in pre-kindergarten through 12th grade in the City of Burlington.

10. At all times relevant and material hereto, Defendant School District was the employer and principal of all individuals working as principals, vice-principals, teachers, support staff, and agents working within Burlington City High School, a public high school located in the City of Burlington.

11. Defendant City of Burlington Board of Education (hereinafter referred to as "Board") sets policy, oversees, and administers the fiscal and educational operation of Defendant School District.

12. Defendant Patricia Doloughty, Ed.D. (hereinafter referred to as "Superintendent"), at all times relevant and material hereto, was an agent and/or employee of Defendants School District and Board and the superintendent of Defendant School District, responsible for managing and operating the schools within the School District in accordance with the policies

established by the Board and acting under color of state law. She is named as a defendant in her individual and official capacities.

13. At all times relevant and material hereto, Defendants School District, Board, and Superintendent oversaw, operated, managed, and administered Burlington City High School.

14. At all times relevant and material hereto, the acts and omissions of Defendants School District, Board, and Superintendent were accomplished by said defendants and/or by said defendants officers, agents, and/or employees, including but not limited to Defendant Superintendent, who were acting and/or failing to act within the course and scope of their respective agency and/or employment, and who were acting under color of state law.

## Factual Background

15. On March 23, 2016, Ms. Harris was a 14 year-old, 8th grade student attending Burlington City High School.

16. At approximately 11:30 a.m. on the aforesaid date, Ms. Harris was in the school cafeteria for lunch period when a dispute arose between Ms. Harris and Burlington City High School personnel including Vice-Principal Jennifer Pell (hereinafter referred to as "Vice-Principal Pell") as to whether Ms. Harris was supposed to be in lunch detention that day.

17. Vice-Principal Pell instructed Ms. Harris to leave the cafeteria and go to lunch detention, while Ms. Harris refused, insisting she already had served the lunch detention the day before.

18. Vice-Principal Pell then enlisted Mr. Langford to remove Ms. Harris from the cafeteria.

19. Mr. Langford confronted Ms. Harris, telling her to go to lunch detention, while Ms. Harris continued asserting she already had served the lunch detention the day before.

20. Mr. Langford proceeded to pick up Ms. Harris's bookbag from the floor nearby and Ms. Harris tried to take her bookbag from Mr. Langford.

21. Mr. Langford then forcefully grabbed and twisted Ms. Harris's arm, pulled her to an adjacent exit door, and pushed her through the doorway.

22. Outside the cafeteria, Mr. Langford continued to apply violent physical force to Ms. Harris, throwing her to the ground, placing his knee in her back, putting his hand around her neck, handcuffing her, throwing her against his police car, and pushing her inside the police car.

23. During the aforesaid physical attack by Mr. Langford, Ms. Harris was crying while Ms. Langford told her she was retarded.

24. In connection with the aforesaid incident, Ms. Harris was charged with committing disorderly conduct offenses.

25. Ms. Harris did not commit any offense nor engage in any conduct justifying Mr. Langford's aforesaid actions with regard to the use of force against her, the nature or extent of the force used against her, or his verbal abuse of her.

26. As a direct and proximate result of the aforesaid series of events and Defendants' aforesaid and below-described acts and omissions, Ms. Harris has sustained the following injuries and incurred the following damages:

    (a) Violations of her right under the Fourth Amendment to the United States Constitution to be secure in her person from an unreasonable or excessive use of force;

(b) Violations of her rights under the Fourth Amendment to the United States Constitution to be secure in her person from an unlawful search and seizure;

(c) Physical injuries including but not limited to a lacerated lip and trauma to her body and extremities requiring medical attention and other health care;

(d) Pain, suffering, fear, anxiety, embarrassment, humiliation, emotional trauma, and post-traumatic stress, some or all of which may be permanent; and

(e) Medical and healthcare expenses.

27. All Defendants acted in concert and conspiracy and are jointly and severally responsible for all injuries, damages, and harms directly and proximately caused to Ms. Harris.

### FIRST CLAIM FOR RELIEF
### SHANAY HARRIS v. BENNIE LANGFORD

28. Ms. Harris incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

29. Defendant Mr. Langford, in using unreasonable and excessive force upon Ms. Harris as aforesaid, deprived Ms. Harris of her right to be secure in her person from an unreasonable and excessive use of force by a state actor and her right to be secure in her person from an unlawful search and seizure by a state actor, and thus violated Ms. Harris's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

30. As a direct and proximate result of the aforesaid acts of Defendant Mr. Langford, Ms. Harris has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 26, *supra*.

**SECOND CLAIM FOR RELIEF**
**SHANAY HARRIS v. CITY OF BURLINGTON**

31. Ms. Harris incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

32. At all times relevant and material hereto, Defendant City of Burlington operated, administered, maintained, and controlled the City of Burlington Police Department.

33. The aforesaid search, seizure, and use of force against Ms. Harris were the direct and proximate result of Defendant City of Burlington's failure to properly and/or sufficiently develop, formulate, establish, institute, oversee, and/or supervise the training, supervision, and discipline of City of Burlington police officers assigned to work as school resource officers within Burlington City High School with regard to searches, seizures, and uses of force under circumstances such as those presented herein.

34. The aforesaid search, seizure, and use of force against Ms. Harris was the direct and proximate result of Defendant City of Burlington's failure to properly and/or sufficiently develop, formulate, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for the City of Burlington Police Department and individuals working therein regarding law enforcement encounters such as the one set forth herein, especially with regard to the search, seizure, and use of force by school resource officers against 14 year-old 8th grade students at Burlington City High School.

35. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant City of Burlington had a duty under the Fourth Amendment to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that citizens

would be subjected to unreasonable or excessive uses of force and unlawful searches and seizures by the City of Burlington Police Department and the individuals working therein.

36. Notwithstanding its aforesaid duty, Defendant City of Burlington committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to the rights of citizens such as Ms. Harris:

(a) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding the manner in which school resource officers such as Mr. Langford were to properly and lawfully interact with students at Burlington City High School and conduct law enforcement activities under the circumstances presented in the subject incident;

(b) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding search, seizure, and use of force against students under the circumstances presented in the subject incident;

(c) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and customs which resulted in the aforesaid unlawful search and seizure and unreasonable and excessive use of force against Ms. Harris;

(d) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals in the Burlington City Police Department with regard to the search, seizure, and use of force under the circumstances presented in the subject incident;

(e) Failing to properly or sufficiently train, supervise, or discipline police officers and school resource officers within the City of Burlington Police Department, including but not limited to Mr. Langford, so as to prevent them from unlawfully depriving citizens of their Fourth Amendment rights to not be subjected to the unreasonable or excessive use of force or unlawful search and seizure under circumstances such as those presented herein;

(f) Failing to have in place necessary or appropriate policies or procedures regarding the circumstances and manner in which school resource officers were to be enlisted to assist in supervising or disciplining students; and

(g) Allowing Mr. Langford to continue working as a school resource officer at Burlington City High School despite his history of using unreasonable and excessive force upon students at the school, a history of which Defendant City of Burlington had actual and/or constructive knowledge.

37. As a direct and proximate result of the aforesaid acts and omissions of Defendant City of Burlington, Ms. Harris has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 26, *supra*.

**THIRD CLAIM FOR RELIEF**
**SHANAY HARRIS v. CITY OF BURLINGTON PUBLIC SCHOOL DISTRICT**

38. Ms. Harris incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

39. The aforesaid search, seizure, and use of force against Ms. Harris were the direct and proximate result of Defendant School District's failure to properly and/or sufficiently develop, formulate, administer, establish, institute, oversee, and/or supervise the training, supervision, and

discipline of individuals assigned to work as school resource officers within Burlington City High School with regard to searches, seizures, and uses of force against school students under circumstances such as those presented herein.

40. The aforesaid search, seizure, and use of force against Ms. Harris was the direct and proximate result of the Defendant School District's failure to properly and/or sufficiently develop, formulate, administer, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for individuals working as school resource officers within Burlington City High School regarding encounters such as the one set forth herein, especially with regard to the search, seizure, and use of force by school resource officers against students.

41. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant School District had a duty under the Fourth Amendment to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that students would be subjected to unreasonable or excessive uses of force and unlawful searches and seizures by school resource officers working within Burlington City High School.

42. Notwithstanding its aforesaid duty, Defendant School District committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to the rights of citizens such as Ms. Harris:

    (a) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding the manner in which school resource officers such as Mr. Langford were to properly and lawfully interact with students at Burlington City

High School and conduct law enforcement activities under the circumstances presented in the subject incident;

(b) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding search, seizure, and use of force against students under the circumstances presented in the subject incident;

(c) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and customs which resulted in the aforesaid unlawful search and seizure and unreasonable and excessive use of force against Ms. Harris;

(d) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals working as school resource officers within Burlington City High School with regard to the search, seizure, and use of force under the circumstances presented in the subject incident;

(e) Failing to properly or sufficiently train, supervise, or discipline school resource officers working within Burlington City High School, including but not limited to Mr. Langford, so as to prevent them from unlawfully depriving students of their Fourth Amendment rights to not be subjected to the unreasonable or excessive use of force or unlawful search and seizure under circumstances such as those presented herein;

(f) Failing to have in place necessary or appropriate policies or procedures regarding the circumstances and manner in which school resource officers were to be enlisted to assist in supervising or disciplining students; and

(g) Allowing Mr. Langford to continue working as a school resource officer within Burlington City High School despite his prior history of using unreasonable and excessive force upon students at the school, a history of which Defendant School District had actual and/or constructive knowledge.

43. As a direct and proximate result of the aforesaid acts and omissions of Defendant School District, Ms. Harris has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 26, *supra*.

## FOURTH CLAIM FOR RELIEF
## SHANAY HARRIS v. CITY OF BURLINGTON BOARD OF EDUCATION

44. Ms. Harris incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

45. The aforesaid search, seizure, and use of force against Ms. Harris were the direct and proximate result of Defendant Board's failure to properly and/or sufficiently develop, formulate, administer, establish, institute, oversee, and/or supervise the training, supervision, and discipline of individuals assigned to work as school resource officers within Burlington City High School with regard to searches, seizures, and uses of force against school students under circumstances such as those presented herein.

46. The aforesaid search, seizure, and use of force against Ms. Harris was the direct and proximate result of the Defendant Board's failure to properly and/or sufficiently develop, formulate, administer, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for individuals working as school resource officers within Burlington City High School regarding encounters such as the one set forth herein,

especially with regard to the search, seizure, and use of force by school resource officers against students.

47. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Board had a duty under the Fourth Amendment to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that students would be subjected to unreasonable or excessive uses of force and unlawful searches and seizures by school resource officers working within Burlington City High School.

48. Notwithstanding its aforesaid duty, Defendant Board committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to the rights of citizens such as Ms. Harris:

(a) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding the manner in which school resource officers such as Mr. Langford were to properly and lawfully interact with students at Burlington City High School and conduct law enforcement activities under the circumstances presented in the subject incident;

(b) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding search, seizure, and use of force against students under the circumstances presented in the subject incident;

(c) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and customs which

resulted in the aforesaid unlawful search and seizure and unreasonable and excessive use of force against Ms. Harris;

(d) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals working as school resource officers within Burlington City High School with regard to the search, seizure, and use of force under the circumstances presented in the subject incident;

(e) Failing to properly or sufficiently train, supervise, or discipline school resource officers working within Burlington City High School, including but not limited to Mr. Langford, so as to prevent them from unlawfully depriving students of their Fourth Amendment rights to not be subjected to the unreasonable or excessive use of force or unlawful search and seizure under circumstances such as those presented herein;

(f) Failing to have in place necessary or appropriate policies or procedures regarding the circumstances and manner in which school resource officers were to be enlisted to assist in supervising or disciplining students; and

(g) Allowing Mr. Langford to continue working as a school resource officer within Burlington City High School despite his prior history of using unreasonable and excessive force upon students at the school, a history of which Defendant Board had actual and/or constructive knowledge.

49. As a direct and proximate result of the aforesaid acts and omissions of Defendant Board, Ms. Harris has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 26, *supra*.

## FIFTH CLAIM FOR RELIEF
### SHANAY HARRIS v. PATRICIA DOLOUGHTY, Ed.D.

50. Ms. Harris incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

51. The aforesaid search, seizure, and use of force against Ms. Harris were the direct and proximate result of Defendant Superintendent's failure to properly and/or sufficiently develop, formulate, administer, establish, institute, oversee, and/or supervise the training, supervision, and discipline of individuals assigned to work as school resource officers within Burlington City High School with regard to searches, seizures, and uses of force against school students under circumstances such as those presented herein.

52. The aforesaid search, seizure, and use of force against Ms. Harris was the direct and proximate result of the Defendant Superintendent's failure to properly and/or sufficiently develop, formulate, administer, establish, issue, institute, maintain, review, and/or revise the policies, procedures, directives, practices, or customs for individuals working as school resource officers within Burlington City High School regarding encounters such as the one set forth herein, especially with regard to the search, seizure, and use of force by school resource officers against students.

53. In establishing and/or acquiescing to the aforesaid policies, procedures, directives, practices, and customs, Defendant Superintendent had a duty under the Fourth Amendment to the United States Constitution to refrain from enforcing or continuing in effect policies, procedures, directives, practices, or customs that create a substantial likelihood that students would be subjected to unreasonable or excessive uses of force and unlawful searches and seizures by school resource officers working within Burlington City High School.

54. Notwithstanding its aforesaid duty, Defendant Superintendent committed one or more of the following wrongful acts or omissions in violation of and with deliberate indifference to the rights of citizens such as Ms. Harris:

(a) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding the manner in which school resource officers such as Mr. Langford were to properly and lawfully interact with students at Burlington City High School and conduct law enforcement activities under the circumstances presented in the subject incident;

(b) Failing to establish proper or sufficient policies, procedures, directives, practices, and/or customs regarding search, seizure, and use of force against students under the circumstances presented in the subject incident;

(c) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and customs which resulted in the aforesaid unlawful search and seizure and unreasonable and excessive use of force against Ms. Harris;

(d) Establishing, maintaining, tolerating, encouraging, ratifying, and/or allowing to exist and continue policies, procedures, directives, practices, and/or customs of failing to properly and effectively supervise, discipline, train, and retrain individuals working as school resource officers within Burlington City High School with regard to the search, seizure, and use of force under the circumstances presented in the subject incident;

(e) Failing to properly or sufficiently train, supervise, or discipline school resource officers working within Burlington City High School, including but not limited

to Mr. Langford, so as to prevent them from unlawfully depriving students of their Fourth Amendment rights to not be subjected to the unreasonable or excessive use of force or unlawful search and seizure under circumstances such as those presented herein;

(f) Failing to have in place necessary or appropriate policies or procedures regarding the circumstances and manner in which school resource officers were to be enlisted to assist in supervising or disciplining students; and

(g) Allowing Mr. Langford to continue working as a school resource officer within Burlington City High School despite his prior history of using unreasonable and excessive force upon students at the school, a history of which Defendant Superintendent had actual and/or constructive knowledge.

55. As a direct and proximate result of the aforesaid acts and omissions of Defendant Superintendent, Ms. Harris has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 26, *supra*.

## SIXTH CLAIM FOR RELIEF
## STATE LAW CLAIMS

51. Ms. Harris incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

52. Defendants' aforesaid acts and omissions constitute negligence, assault and battery, negligent and intentional infliction of emotional distress, and willful misconduct under the laws of the State of New Jersey, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

53. Ms. Harris has submitted timely written notices of claim as required by the New Jersey Tort Claims Act, N.J.S. 59:8-3, *et seq.*

**REQUEST FOR RELIEF AND JURY DEMAND**

In light of the foregoing, Plaintiff requests the following relief:

(a) This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional and statutory rights;

(b) Compensatory damages;

(c) Punitive damages;

(d) Reasonable attorney fees and costs; and

(e) Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.

DATE: February 2, 2022

s/ Richard M. Wiener, Esq.
Richard M. Wiener, Esq.
NJ Attorney I.D. No. 016241990
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*